

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

**FILED**

JAN 2 1 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

SHARON CARR, individually and as
Administratrix of the Estate of Joshua
Morgan, deceased,

                        Plaintiff,

v.                                           Civil Action No. 5:04-0518
                                           Honorable David Faber

T.D. BRADLEY, individually and as an agent
Of the State of West Virginia,

                        Defendant.

### DEFENDANT T.D. BRADLEY'S RESPONSE BRIEF
### TO PLAINTIFF'S MOTION TO CONSOLIDATE

Plaintiff has moved this Court to consolidate actions Sharon Carr v. Bradley (hereinafter referred to as "Bradley" and Sharon Carr v. Deeds, et al. (hereinafter referred to as "Deeds"). These suits involve different parties as well as different causes of action.

The action in which the consolidation motion was filed is not correctly styled in plaintiff's brief. Colonel Howard Hill and the State of West Virginia have been dismissed from this action by order of the court dated October 13, 2004. The only defendant is Trooper Bradley. Consolidating these matters for trial would prejudice both Howard Hill and the State of West Virginia as a jury would likely have difficulty in severing plaintiff's claim against them in the Deeds suit, a state law claim for 'failure to train, supervise, terminate" Trooper Deeds resulting in the death of plaintiff's decedent, Joshua Morgan.

Additionally, plaintiff's have a count alleging excessive force against Deeds that is not present in the suit against Bradley.  These suits do not involve the identical parties or identical facts as represented.

While Rule 42 of the Federal Rules of Civil Procedure does provide the Court authority to consolidate these matters for trial, to do so in the instant suits would prejudice the defendants.   Defendants would not object to consolidation for discovery purposes, however, discovery is complete with the exception of counsel's agreement to provide discovery depositions of their respective experts.

In exercising its discretion to consolidate cases under Rule 42(a), the district court indicated that the following factors militate in favor of consolidation: (1) the cases proposed for consolidation are pending either before the same court or before two different courts within the same jurisdiction; (2) the cases involve a common party; (3) the cases involve common issues of law; (4) the cases involve common issues of fact; (5) there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; (6) consolidation will not result in an unfair advantage; (7) consolidation will conserve judicial resources; (8) consolidation will reduce the time for resolving the cases when compared to separate trials; and (9) consolidation will reduce the expense of trying the cases separately. ; Solvent Chem. Co. v. E.I. Dupont De Nemours & Co., D.C.N.Y.2002, 242 F.Supp.2d 196.Mayfield v. American Auto. Ins. Co., D.C.Tex.2003, 2003 WL 21250935 (slip opinion).

Consolidation of these suits for trial purposes only would prejudice the defendants and confuse the jury.  The interests of consolidation, namely reducing

2

expense and conserving judicial resources, would be served whether or not the matters are consolidated for trial.  The common legal issues are dispositive and do not involve factual disputes and are currently before the Court on motions.  Defendants do not object to consolidating these matters with respect to addressing the common legal issues in the pending motions.

WHEREFORE, for all the foregoing reasons, defendants respectfully request that this Court DENY plaintiff's Motion for Consolidation for Trial and grant any and all other such relief the Court deems proper and just.

T.D. BRADLEY, individually and as an agent
of the State of West Virginia
By Counsel,

GARY E. PULLIN, WVSB #4528
WENDY E. GREVE, WVSB #6599

**PULLIN, FOWLER & FLANAGAN, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
(304) 344-0100

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

**FILED**

JAN 2 1 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Court
Southern District of West Virginia

**SHARON CARR,**

        **Plaintiff,**

v.

**Civil Action No. 5:04-0518**
**Honorable David Faber**

**T.D. BRADLEY, individually and as an agent
of the State of West Virginia; HOWARD E.
HILL, JR., as Superintendent of the West
Virginia State Police, in his official capacity,
and the STATE OF WEST VIRGINIA,**

        **Defendants.**

## CERTIFICATE OF SERVICE

    The undersigned counsel for defendants hereby certifies that a true copy of

the foregoing "**Defendant T.D. Bradley's Response Brief to Plaintiff's Motion to**

**Consolidate**" was served upon counsel as follows:

| Paul J. Harris, Esquire<br>Seventy Twelfth St.<br>Wheeling, WV 26003<br>**Plaintiff's Counsel** | Joseph A. Wallace, Esquire<br>P.O. Box 7<br>Elkins, WV 26241<br>**Plaintiff's Counsel** | Joseph M. Spivey III,<br>Esquire<br>19 Howe Lane<br>Lexington, VA 24450-4022<br>**Plaintiff's Counsel** |
| --- | --- | --- |

by placing the same in an envelope, properly addressed with postage fully paid and

depositing the same in the U.S. Mail, on this the **21st day of January, 2005.**

_____
GARY E. PULLIN, WVSB #4528
WENDY E. GREVE, WVSB #6599

**PULLIN, FOWLER & FLANAGAN, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV 25301-2726
(304) 344-0100